67,832-02

CASE NO. _____

COURT OF CRIMINAL APPEALS
AUSTIN TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 02 2015

Abel Acosta, Clerk

EX PARTE                                    §  IN THE 204th JUDICIAL DISTRICT

JOE MONTELONGO                              §  COURT OF

                                           §  DALLAS COUNTY, TEXAS

OBJECTIONS TO TRIAL COURT'S ERROR IN FINDING
NO FACTUAL ISSUES REQUIRING A HEARING

TO; The Honorable Judges of said Court; Comes now Applicant
herein, and would show the Court the following in support of
this case being remanded with an order for evidentiary hearing.
1. The documentation attached to the 11.07 clearly shows that
my appointed defense counsel, once acted as Prosecutor against
me in a previous case. This clearly presents fact for "conflict
of interest" claim. See Habeas Corpus, and it's appendices.
2. See U.S. v. Ziegenhagen 890 F2d 937, at 940 "although not
every conflict of interest is so egregious as to constitute a
violation of the sixth amendment, Government employment in a
prosecutorial role against one defendant and subsequent represent-
ation of same defendant in a defense capacity is not proper".
3. This is clearly the case in my trial. When I asked my defense
attorney where I knew him from, he never revealed he had once
been a Prosecutor for Dallas County. The Defense Counsel knew
there was a potential "conflict of interest", but failed to
reveal that to the Court, this was Ineffective Assistance of
Counsel to represent me under false pretense of no conflict
of interest.
4. Actual innocense is also an issue that requires a evidentiary
hearing.

Conclusion

This case should be remanded back to trial court with an order
for evidentiary hearing.

                                           Respectfully submitted,

Or. CCA
CC. Trial Court

                                           Mr. Joe Montelongo #1266916